Tom W. WALLER, Jr. *v.* Judy C. WALLER

CA 84-379                                        693 S.W.2d 61

Court of Appeals of Arkansas
Division II
Opinion delivered July 10, 1985

*Bell, Bilheimer & Associates, P.A.*, by: *Stephen P. Bilheimer*, for appellant.

*Hilburn, Calhoon, Forster, Harper & Pruniski, Ltd.*, for appellee.

JAMES R. COOPER, Judge. This case involves the ownership of a residence located in North Little Rock, Arkansas. The parties were divorced in 1974, but purchased the property in 1976, taking title as husband and wife. In May, 1983, the appellee filed a petition in Pulaski chancery court for a declaratory judgment declaring her to be the sole owner. The appellant filed a suit for partition. The cases were consolidated and the chancellor found that the appellant held legal title to a one-half interest in the property as trustee for the appellee and that the appellee held sole equitable title to the property. The chancellor held that the appellee was entitled to enforcement of the constructive and resulting trusts of which she was the beneficiary and the appellant the trustee. From that decision, comes this appeal.

The appellee testified that she sought her ex-husband's help in purchasing the residence because she had insufficient credit history to enable her to purchase the residence alone. She testified

that he promised to convey his interest to her. The appellant denied promising to convey the property to her and he contended that the parties purchased the property as partners. He also testified that, in lieu of making payments on the house note, he allowed the appellee to occupy the property rent free and, when the house was converted to rental property, he allowed her to retain all the rentals. The record shows that the appellee made all the payments on the house and made various repairs and improvements and that she paid the taxes.

The record also shows that, despite their divorce, the parties remained on very friendly terms and had discussed the possibility of remarrying. Subsequent to the divorce the appellant acted as bookkeeper for the appellee's business, and he helped her complete her income tax returns. The appellant was a realtor and, although the property at issue was the first real property purchase by the parties in both names, they subsequently participated in land transactions together, with the appellant acting either as a broker, an uncompensated agent, or as a purchasing partner with the appellee.

Based on the testimony and exhibits, the chancellor found that the appellee was the beneficiary of constructive and resulting trusts which arose as a result of the actions and agreements between the parties. The chancellor detailed his findings, noting that the parties, though divorced, maintained a confidential relationship through 1976; that the appellant paid no part of the consideration for the real property; that the appellant signed the contract to purchase and the note solely as a surety; that the appellant expressly promised to convey his interest to the appellee; that the appellee's testimony was the more credible concerning the facts surrounding the execution of the documents necessary to purchase the residence; that the appellant refused to convey the property to the appellee when requested to do so in 1976 but that he continued to recognize her as the sole owner; that by virtue of the appellant's actions in failing to pay for any improvements or maintenance, or to otherwise exercise any rights of ownership, the appellee reasonably relied on those omissions as his admission of her sole ownership. As a result of the appellant's actions, the chancellor found that the appellee's claims were not barred by laches or the statute of limitations, and that a resulting or constructive trust arose.

■■    The burden of proof was on the appellee to establish the existence of the trust. In *Nelson* v. *Wood*, 199 Ark. 1019, 137 S.W.2d 929 (1940), the Arkansas Supreme Court stated:

> The general rule, as well as the established rule in this state, seems to be well settled that in order for one to establish by parol either a resulting or constructive trust, the evidence must be "full, clear and convincing," "full, clear and conclusive," "of so positive a character as to leave no doubt of the fact," and "of such clearness and certainty of purpose as to leave no well founded doubt upon the subject." These requirements run through a long line of cases from this court.

■■    We hold that the chancellor was correct in determining that a constructive trust arose. As we stated in *Andres* v. *Andres*, 1 Ark. App. 75, 613 S.W.2d 404 (1981):

> Constructive trusts are said to arise and be imposed in favor of persons entitled to a beneficial interest against one who secured legal title either by an intentional false oral promise to hold title for a specified purpose, and having thus obtained title, claims the property as his own, or who violates a confidential or fiduciary duty or is guilty of any other unconscionable conduct which amounts to constructive fraud. [citations omitted]

In the case at bar the evidence supports a finding that the appellant secured a one-half interest in the property by either intentionally promising falsely to reconvey at a later date, or by violating a confidential or fiduciary duty to reconvey.

■    The evidence also supports the finding that a resulting trust arose. In *Andres, id.*, we said:

> In general a resulting trust is said to arise when property is bought by one person with money or assets of another and title is taken in the name of the purchaser rather than of the person furnishing the consideration.

In the case at bar the chancellor believed the appellee's version of the facts surrounding the execution of the purchase documents. She testified that the residence was to be hers alone and that the appellant was only acting as a surety because she had insufficient

credit to purchase the residence on her own. She testified that she alone furnished the consideration for the purchase. We cannot say that the chancellor's decision regarding the constructive trust and resulting trust is clearly erroneous or against the preponderance of the evidence, and therefore we affirm on this point. *Andres, supra*; ARCP, Rule 52(a).

The appellant also argues that the chancellor erred in finding that the appellee's claim was not barred by laches or the statute of limitations. We disagree. In *Harbour* v. *Harbour*, 207 Ark. 551, 181 S.W.2d 805 (1944), the Arkansas Supreme Court quoted with approval from 34 Am.Jur. 143 as follows:

> It is generally held, however, that the rule [limitations] does not apply to a resulting trust which has every element that operates to take an express trust out of the statute and prevent it from running against the trust until after it has been effectually repudiated; and it has been declared that as long as there is a continuing and subsisting equitable trust acknowledged or acted upon by the parties, the statute of limitations does not apply, but if the trustee denies the right of his cestui que trust, and the possession becomes adverse, lapse of time from that period may constitute a bar in equity. Thus, when a resulting trust arises from the purchase by a husband in his own name with his wife's money, it has been held that the statute of limitations begins to run in favor of the husband, and against the wife, at the time of the conveyance, if there is no recognition of the wife's rights; but if her rights are recognized, the statute of limitations begins to run in favor of the husband and against the wife at the time when the husband begins to hold adversely.

And to the same effect see 37 C.J. 908 where it is said:

> . . . and the statute of limitations does not run in favor of the trustee of a resulting trust, which most frequently arises where one person pays the consideration for a purchase and title is taken in the name of another, until the trustee disavows the trust or asserts some right to the property inconsistent with it, and the cestui que trust has knowledge of such disavowal or assertion, or, from the circumstances, ought to have learned of it.

We hold that, on the facts of the case at bar, the chancellor correctly decided that the appellee's claim was not barred by the statute of limitations.

On the question of laches, we reach the same result. Again in *Harbour, id.*, the Supreme Court said, quoting from 26 R.C.L. 1365:

> Laches cannot be imputed to one who seeks to enforce a resulting trust in real property, where his right to use and possess the same has never been questioned, since his possession is notice to the world of all his rights.

Further, the Court, quoted 65 C.J. 1027-28 as follows:

> . . . Time does not commence to run against the beneficiary of a resulting trust, so as to render the doctrine of laches applicable, until the trustee disavows or repudiates the trust and such disavowal or repudiation is fully and unequivocally made known to the beneficiary.

In the case at bar the appellant has never questioned the appellee's right to use and possess the property; nor has he unequivocally repudiated the trust since he has never, in any way, attempted to assert any of the incidents of ownership.

Affirmed.

CLONINGER and MAYFIELD, JJ., agree.