# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2864

_____

In re: Harmon G. Ealy; Robin Y. Ealy,    *
   *
Debtors.    *
-------------------------    *
   *
Counseling Associates, Inc.,    *
   *
Appellant,    *    Appeal from the United States
   *    District Court for the Eastern
v.    *    District of Arkansas.
   *
Harmon G. Ealy; Robin Y. Ealy,    *    [UNPUBLISHED]
   *
Appellees,    *
   *
Joyce Bradley Babin,    *
   *
Trustee.    *

_____

Submitted: August 3, 2005
Filed: August 8, 2005

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Counseling Associates, Inc., appeals the district court's[1] order affirming the bankruptcy court's[2] order granting an automatic stay in favor of debtors. We affirm.

Robin Ealy ran a daycare center called "Little Stars Child Care and Early Education Learning Center" as a sole proprietorship since 1998. On April 23, 2003, Ms. Ealy and her husband entered into a contract to buy real estate in Arkansas from Counseling Associates. The Ealys agreed to make a down payment, and Counseling Associates agreed to finance the remainder of the purchase price. The contract listed the buyer as "Little Stars Child Care, LLC," although no such LLC then existed. Ms. Ealy formed the LLC on May 1, 2003, and the real estate closing was held on May 2. At closing, Counseling Associates conveyed the real estate to the LLC, and received a promissory note and mortgage signed by the Ealys both individually and as members of the LLC. No payment was made under the note or mortgage.

Counseling Associates filed suit seeking foreclosure of the mortgage and obtained a default judgment. The Ealys filed for bankruptcy protection under Chapter 13 shortly before Counseling Associates purchased the property at a public sale. The Ealys obtained from the bankruptcy court a temporary restraining order to prevent the property from being padlocked, and later a hearing was held on their request for a preliminary injunction. Ms. Ealy testified the realtor told her that Counseling Associates was requiring the Ealys to have an LLC before closing, and that they could create an LLC through the state building in Little Rock; she believed that she and her husband owned the property; and no one had ever asked her how she

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

[2]The Honorable Audrey R. Evans, Chief Judge, United States Bankruptcy Court for the Eastern District of Arkansas.

wanted the property titled. A Counseling Associates representative testified that Counseling Associates did not require or prefer that an LLC purchase the property.

This court sits as a second court of review of the bankruptcy court, reviewing its factual findings for clear error and its legal conclusions de novo. See In re Cedar Shore Resort, Inc., 235 F.3d 375, 379 (8th Cir. 2000). An automatic stay protects property of a bankruptcy estate from actions by creditors, including foreclosure and repossession. See 11 U.S.C. § 362(a). Property of the estate is defined as "all legal or equitable interests of the debtor in property as of the commencement of the case." See 11 U.S.C. § 541(a)(1). Whether the Ealys have an equitable interest in the real property is determined based on Arkansas state law. See Butner v. United States, 440 U.S. 48, 55 (1979); In re Broadview Lumber Co., 118 F.3d 1246, 1250 (8th Cir. 1997).

Under Arkansas law, a purchase-money resulting trust "arises where property is purchased and the purchase price is paid by one person and at his/her direction the vendor converts the property to another person." See Edwards v. Edwards, 843 S.W.2d 846, 848-49 (Ark. 1992). A resulting trust must be proved by clear and convincing evidence. See id. at 849. We find the bankruptcy court did not clearly err in determining that the Ealys did not intend the title to be held solely in the name of the LLC, but that they intended to receive an interest in the property, and thus they had an equitable interest in it. See Waller v. Waller, 693 S.W.2d 61, 63 (Ark. Ct. App. 1985) (no clear error in finding that intention of parties was for resulting trust).

Accordingly, we affirm.

_____